UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADRIAN MEDINA-VILLASENOR,<br><br>　　　　　Defendant. | Case No. 1:12-cr-00046-BLW<br><br>**REPORT AND RECOMMENDATION** |

On June 4, 2012, Defendant Adrian Medina-Villasenor appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, his constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, his counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Medina-Villasenor's plea of guilty to Count One of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant Medina-Villasenor's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 15), and

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Two of the Indictment (Dkt. 1) as to Defendant.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 4, 2012.

CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE